

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

Division of State Counsel
Litigation Bureau

(212) 416-6185

**By Hand**

The Honorable Richard M. Berman
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

May 23, 2008

**MEMO ENDORSED**

Re: <u>Alexander v. Galeno, et al.</u>, 07 Civ. 9662 (RMB)(DFE)

Dear Judge Berman:

   I am the Assistant Attorney General in the Office of Andrew M. Cuomo, Attorney General of the State of New York, assigned to represent defendant Superintendent Luis R. Marshall in this action brought by *pro se* inmate Willie Alexander. The other defendants (Drs. Perilli and Galeno) have not requested representation and I have been advised that they have not received Waiver of Service of Summons forms with respect to the Complaint and that personal service has not been made on them. A copy of the Complaint was sent to non-defendant Commissioner of the New York State Department of Correctional Services ('DOCS") Brian Fischer, which would in no way be considered service upon the remaining defendants.

   Not realizing that it was a holiday and also inadvertently overlooking Your Honor's rules regarding pre-motion conferences, my last letter to the Court, dated April 11, 2008, requested that defendant Marshall be allowed until May 26, 2008 in which to respond to the complaint and that any other defendants also be allowed to respond at that time if they had been served in the interim.

   I am writing at this time to request a pre-motion conference with respect to defendant Marshall's anticipated motion to dismiss and to set a briefing schedule at that time.

   This action appears to claim violations of 42 U.S.C. § 1983, the ADA and the Rehabilitation Act stemming from the medical treatment plaintiff received as an inmate at Sing Sing Correctional Facility ("Sing Sing") in 2007 with respect to plaintiff's right shoulder. In sum, plaintiff disagrees with the medical treatment provided by Dr. John Galeno (an outside specialist not employed by DOCS) and decisions regarding his care made by Dr. John Perilli, then the Sing Sing Facility Health Director.

   Defendant Marshall anticipates moving to dismiss on the following grounds:

(1) Plaintiff did not fully exhaust his administrative remedies prior to initiating this lawsuit as is required by the Prison Litigation Reform Act ("PLRA"). Specifically, while plaintiff did grieve many of the issues raised in this lawsuit, he did not pursue and have his administrative appeal decided before initiating his lawsuit by filing it with the S.D.N.Y. *Pro Se* Office on October 1, 2007. His administrative appeal was not decided until October 31, 2007 and thus he had failed to exhaust before bringing this action and it should be dismissed. See, e.g., Saunders v. Goord, 2002 U.S. Dist. LEXIS 13772, *10 (S.D.N.Y. 2002) (exhaustion requirements cannot be satisfied while federal action is pending) (citing Neal v. Goord, 267 F.3d 116, 121-23 (2d Cir. 2001)); Waters v. Schneider, 2004 U.S. Dist. LEXIS 912 at *5 (S.D.N.Y. 2004) (same); Larken v. Ricenberg, 2006 U.S. Dist. LEXIS 10761 (S.D.N.Y. 2006) (same).

(2) It is not even alleged that defendant Marshall was personally involved in any of the matters in dispute as is required for liability and liability cannot be based on a theory of respondeat superior. See Monell v. New York City Dept. of Soc. Services, 436 U.S. 658, 694 (1978); Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). As is clear from the grievance decision attached to plaintiff's complaint, defendant Marshall did not even decide plaintiff's grievance at the facility level (not that having done so would have been sufficient to show personal involvement). See Word v. Croce, 230 F. Supp. 2d 504, 513-14 (S.D.N.Y. 2002).

(3) Plaintiff has failed to state a cause of action against defendant Marshall. Plaintiff's claim is essentially a disagreement over his medical treatment. An allegation of medical malpractice is not actionable under Section 1983 against plaintiff's doctors, much less the prison Superintendent who has absolutely nothing to do with those decisions. See Estelle v. Gamble, 429 U.S. 97, 106 n. 14, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Woods v. Goord, 2002 U.S. Dist. LEXIS 19371, *21 (S.D.N.Y. 2002). Plaintiff has made no allegations as to how he has standing under the ADA or Rehabilitation Act to sue and has alleged no facts that could support a cause of action under either statute.

(4) Defendant Marshall is not a proper party in an ADA or Rehabilitation Act case. See, e.g., Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 441 (S.D.N.Y. 2004)("Individuals cannot be named as defendants in ADA suits in either their official or representative capacities."); Connell v. City of New York, 2002 U.S. Dist. LEXIS 215 (S.D.N.Y. 2002) (dismissing ADA claims against individual defendants).

(5) Defendant Marshall is entitled to qualified immunity under the circumstances of this case. Even if he did have some personal involvement with the matters in dispute, which is not even alleged, he acted reasonably and no clearly established rights were at issue. See, e.g., Walentas v. Lipper, 862 F.2d 414, 423 (2d Cir. 1988), cert. denied, 490 U.S. 1021 (1989).

(6) Any official capacity claims seeking money damages are barred by the Eleventh Amendment as are any claims at all in this case that are *de facto* claims against the State of New York or DOCS. See, e.g., Pritchett v. Artuz, 1999 U.S. Dist. LEXIS 20041, **12-13 (S.D.N.Y. Jan. 3, 2000). For example, it appears from the complaint and the documents attached thereto that plaintiff is attacking DOCS' regulations requiring that he pay for a second medical opinion if he wishes to get one.

   I apologize for not having submitted this letter earlier. Within the last month I had a serious knee injury that has caused me to miss substantial time from work and I have had difficulty keeping up to date with my many matters. I thank the Court for its consideration in this matter.

                    Respectfully submitted,

                     Jeb Harben
                     Assistant Attorney General

cc:  Willie Alexander (DIN # 90B3134)(By Mail)

> Conference on 6/26/08 @ 10:15. Def. requested to arrange for Pl. to appear by phone.
>
> SO ORDERED:
> Date: 6/3/08
> Richard M. Berman, U.S.D.J.